IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02398-REB-KLM

GILBERT T. TSO,

    Plaintiff,

v.

REBECCA MURRAY,
TANYA AKINS, in her individual and official capacities,
SHERR PUTTMANN AKINS LAMB PC, a law firm,
JEANNIE RIDINGS, in her individual and official capacities,
KILILIS RIDINGS & VANAU PC, a law firm,
RUSSELL M. MURRAY, in his individual capacity,
DENA MURRAY, in her individual capacity,
JOANNE JENSEN, in her individual capacity,
DAVID P. BRODSKY, in his individual and official capacities,
ELIZABETH A. STARRS, in her individual and official capacities,
CHARLES D. JOHNSON, in his individual and official capacities,
ROSS B. H. BUCHANAN, in his individual and official capacities,
DAVID H. GOLDBERG, in his individual and official capacities,
THE COUNTY OF LAKE, ILLINOIS,
MITCH MCKEE, in his official capacity,
THE CITY AND COUNTY OF DENVER, COLORADO, and
THE STATE OF COLORADO,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** [#21],[1] to which

---

[1] "[#21]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

Plaintiff timely filed a Response [#28].[2]  On November 21, 2015, the Court issued the Order to Show Cause because it had come to the Court's attention that this matter may not have been properly removed from state court.  Plaintiff here is also the plaintiff in the two state court actions which he has attempted to remove to federal court.  *See Compl.* [#3] (initially filed in the District Court for the City and County of Denver, Colorado, as case number 14 CV 456); *Compls.* [#5, #7] (initially filed in the District Court for the City and County of Denver, Colorado, as case number 13DR1684).  In his Notice of Removal [#1], Plaintiff mentions both 28 U.S.C. § 1441 ("Removal of civil actions") and 28 U.S.C. § 1443 ("Civil rights cases").[3]  *See* [#1] at 1.  However, he appears to base removal of this case solely on 28 U.S.C. § 1443.  *See id.* at 5 ("This is a removal under 28 USC § 1443 . . . .").

"Congress has given the right to remove lawsuits to defendants, not to plaintiffs." *Guttman v. Silverberg*, 374 F. Supp. 2d 991, 992 (D.N.M. 2005).  Pursuant to 28 U.S.C. § 1443, "[a]ny of the following civil actions or criminal prosecutions, commenced in a State court **may be removed by the defendant** to the district court of the United States for the district and division embracing the place wherein it is pending . . . ." (emphasis added).  Plaintiff, as the plaintiff in the underlying state lawsuits, may not take advantage of the rights solely provided to defendants by Congress under 28 U.S.C. § 1443.[4]  *See Guttman*,

---

[2]  The same day the Response [#28] was filed, Defendant Rebecca Murray filed a Motion to Remand [#26], to which Plaintiff also responded [#33].  The Court has examined these documents as well as Plaintiff's Response [#28] to the Order to Show Cause in connection with making this Recommendation.

[3]  Plaintiff also filed an amended Notice of Petition and Verified Petition for Warrant of Removal [#30], which he states simply corrects typographical errors in the initial Notice of Removal [#1].

[4]  To the extent Plaintiff may attempt to alternatively assert removal under 28 U.S.C. § 1441, the same logic applies.  Only a defendant may remove an action from State court under this statute.

374 F. Supp. 2d at 992.

The Tenth Circuit Court of Appeals has addressed this issue as well.  In *Hamburg v. Goshen County Attorney*, 5 F.3d 546 (Table), 1993 WL 336012, at *1 (10th Cir. Aug. 27, 1993), the court succinctly held:

> Plaintiff Albert Hamburg appeals from an order denying his motion to remove a petition for writ of coram nobis from state to federal court. . . .  The district court in effect remanded the case to state court after plaintiff removed it pursuant to 28 U.S.C. [§] 1443. . . .  Section 1443 permits the defendant to certain state court actions to remove that action to federal court.  Plaintiff was not the defendant to the state action that he wished to remove to federal court.  Consequently, the district court correctly remanded the state court action.

The same situation presents itself here, in which Plaintiff has attempted to remove two state court actions in which he is not the defendant.

The Court notes that it has also reviewed Plaintiff's unsolicited filing titled Notice Distinguishing Between the Two Basic Types of Removal; and Motion for Issuance of Preliminary Relief in the Alternatives [#14].[5]  In that document, Plaintiff provides an impassioned plea for why removal under 28 U.S.C. § 1443 should be open to both plaintiffs and defendants.  *See, e.g.*, [#14] at 6-7.  However, this discussion addresses policy

---

*See, e.g.*, 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants** . . . ." (emphasis added)); 28 U.S.C. § 1441(e) ("**[A] defendant in a civil action in a State court may remove the action** to the district court of the United States . . . ." (emphasis added)).

[5] Despite the title, Plaintiff does not seek preliminary injunctive relief of any kind in this document.  Rather, he simply asks the Court to either (1) "[p]roceed immediately with the removal portion of this overall cause and Order the various respondent and third parties below to file their written responses/answers in (14-21) days," or (2) "[d]irect that your Petitioner first complete and file his fully-pled amended Complaint within the time allowed by F.R.Cv.P. Rule 15(a)(1), and that the various Respondents-Defendants then within the normal time of summons may file their written responses, answers, and any defenses." [#14] at 10.

matters within the province of the legislative and executive branches. *See id.* Regardless of the merits of Plaintiff's policy arguments, it is not this Court's job to ignore the law because there is a policy reason to do so. The clear language of the statute and Tenth Circuit precedent mandates that this action be remanded based on procedurally improper removal.

Plaintiff's additional briefing [#28, #33] does nothing to assuage the Court's concern over the propriety of removal here. Plaintiff's arguments continue to address policy matters and fail to direct the Court's attention to any authority that 28 U.S.C. § 1443 allows plaintiffs to remove actions from state court. Further, nothing in the language of 28 U.S.C. §§ 1441 or 1446, mentioned by Plaintiff in his Responses [#28, #33], allows the Court to infer that Plaintiff's two state court actions were properly removed by Plaintiff. Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#21] is **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that this matter be remanded to the District Court for the City and County of Denver, Colorado.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 7, 2016	BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge